# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LITTLE CAESAR ENTERPRISES,
INC.,

      Plaintiff,

vs.

Case No.

Hon.

QUANTUM RESTAURANTS, LLC,
TIMOTHY KELLEHER, NATALIE
KELLEHER, DOUGLAS MELTZER,
MELANIE MELTZER, and ROTH
SCHOEPF,

      Defendants.

/

## COMPLAINT

Plaintiff Little Caesar Enterprises, Inc. ("LCE"), by its undersigned attorneys,

for its Complaint against Defendant Quantum Restaurants, LLC ("Quantum"), and

its guarantors, Defendants Timothy Kelleher, Natalie Kelleher, Douglas Meltzer,

Melanie Meltzer, and Roth Schoepf (collectively, "Guarantors"), alleges as follows:

## INTRODUCTION

1. This is a Franchise Agreement enforcement action. In particular, LCE

seeks declaratory relief and damages because Defendant Quantum and its

Guarantors, Defendants Timothy Kelleher, Natalie Kelleher, Douglas Meltzer,

Melanie Meltzer, and Roth Schoepf, breached their broad contractual obligations

under the Franchise Agreement dated December 16, 2018 (the "Franchise

Agreement") and a written Guaranty, attached as Exhibit A to the Franchise Agreement ("Guaranty").

2. Specifically, Quantum has refused to defend and indemnify LCE in connection with the claims asserted in *Griffin v. Little Caesar Enterprises, Inc., et al.*, State Court of Richmond County, Georgia, Civil Action No. 2024RCSC00313 (the "Injury Lawsuit"), despite Quantum's express obligation under Section 18.5 of the Franchise Agreement.

3. The Injury Lawsuit arose out of a fatal shooting that occurred on or about December 11, 2023 (the "Incident"), in the parking lot of the commercial strip center located at 3221 Wrightsboro Road, Augusta, Georgia (the "Strip Center"), where Quantum operated a Little Caesars® franchised restaurant as one of several tenants.

4. Quantum also breached its separate contractual obligations by failing to provide timely notice of the Incident and Injury Lawsuit, thereby causing LCE to incur substantial attorneys' fees, defense costs, and potentially other damages.

5. An actual controversy exists concerning Quantum's ongoing obligations to defend and indemnify LCE under the Franchise Agreement, and declaratory relief is necessary to determine the parties' rights and obligations.

**PARTIES**

6.     Plaintiff Little Caesar Enterprises, Inc. is a Michigan corporation with its principal place of business at 2125 Woodward Avenue, Detroit, Michigan 48201.

7.     Defendant Quantum Restaurants, LLC is a Delaware limited liability company with its principal place of business at 4604 Hal Drive, Chattanooga, Tennessee 37416.  Upon information and belief, Quantum's members are Defendant Timothy Kelleher, a citizen of California, Defendant Douglas Meltzer, a citizen of Florida, and Defendant Roth Schoepf, a citizen of Georgia, and for purposes of diversity jurisdiction, Quantum is a citizen of California, Florida, and Georgia.

8.     Defendant Timothy Kelleher is an individual residing in Rancho Santa Fe, California, who signed the Franchise Agreement as a member of Quantum and a Guarantor.

9.     Defendant Natalie Kelleher is an individual residing in Rancho Santa Fe, California, who signed the Franchise Agreement as a Guarantor.

10.     Defendant Douglas Meltzer is an individual residing in Boca Raton, Florida, who signed the Franchise Agreement as a member of Quantum and a Guarantor.

11.     Defendant Melanie Meltzer is an individual residing in Boca Raton, Florida, who signed the Franchise Agreement as a Guarantor.

12.     Defendant Roth Schoepf is an individual residing in Atlanta, Georgia, who signed the Franchise Agreement as a member of Quantum and a Guarantor.

**JURISDICTION AND VENUE**

13.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), as the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between Plaintiff and all Defendants because Plaintiff is a citizen of Michigan and no Defendant is a citizen of Michigan.

14.     This Court has personal jurisdiction over Defendants because Quantum and the Guarantors consented to the exclusive jurisdiction of the federal district court covering the location at which LCE maintains its principal place of business in Section 23.2 of the Franchise Agreement, which is expressly incorporated into the Guaranty by Paragraph 10 thereof.

15.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and Section 23.2 of the Franchise Agreement, which provides that actions brought by LCE against Quantum or any affiliate or principal may be brought in the federal district court covering the location at which LCE maintains its principal place of business.  Guarantors are likewise subject to venue in this District because the Guaranty expressly incorporates Section 23 of the Franchise Agreement, including its forum-selection provision.

## FACTUAL ALLEGATIONS

*Franchise Agreement*

16.    LCE and Quantum entered into the Franchise Agreement dated December 16, 2018, under which LCE, as the franchisor, granted to Quantum, as the franchisee, a license to operate a Little Caesars franchised restaurant located in the Strip Center in Augusta, Georgia (the "Restaurant").  The Franchise Agreement and all exhibits thereto are in the possession of Quantum and the Guarantors.

17.    Among other obligations, Section 5.5 of the Franchise Agreement required Quantum to "maintain the Restaurant premises and adjacent public areas in a clean, orderly, and excellent condition and in excellent appearance to the public."

18.    Section 18.2 of the Franchise Agreement required Quantum to "conspicuously identify itself and the Restaurant in all dealings with … others, as an independent franchisee of Little Caesar," and to "place such notice of independent ownership in its Restaurant…"

19.    Pursuant to Section 18.5 of the Franchise Agreement, Quantum expressly agreed to "indemnify, defend and hold harmless *to the fullest extent* permitted by law" LCE and its affiliates from "*any and all losses and expenses* … incurred in connection with *any litigation* or other form of adjudicatory procedure, claim, demand, investigation, or formal or informal inquiry (regardless of whether same is reduced to judgment) or any settlement thereof which arises *directly or*

5

*indirectly* from, as a result of, or in connection with" Quantum's "construction, maintenance, or operation of the Restaurant, including but not limited to, claims arising from the maintenance of Restaurant premises[.]" (Emphasis added.)

20. Section 18.5 further provides that "losses and expenses" include "compensatory, exemplary, or punitive damages; fines and penalties; attorneys' fees; experts' fees; court costs; costs associated with investigating and defending against claims; settlement amounts; judgments; compensation for damages to [LCE's] reputation and goodwill; and all other costs associated with any of the foregoing losses and expenses."

21. The only exception to Quantum's indemnification obligation in Section 18.5 provides: "this indemnity shall not apply to any liability arising from the gross negligence of indemnitees (except to the extent that joint liability is involved, in which event the indemnification provided herein shall extend to any finding of comparative negligence or contributory negligence attributable to Franchisee)." This exception to the indemnification obligation is inapplicable here.

22. Under Section 22.3, the duty to defend and indemnify survives expiration or termination of the Franchise Agreement.

23. Section 10.2 of the Franchise Agreement further provides that Quantum's obligation to obtain and maintain insurance "shall not be limited in any way by reason of any insurance which may be maintained by [LCE], nor shall

[Quantum's] performance of that obligation relieve it of liability under the indemnity provisions set forth in Section 18.5 of this Agreement."   Quantum's insurance obligations are independent of, and do not discharge, its contractual duty to defend and indemnify LCE.

24.    Section 18.5 further required Quantum to "give [LCE] prompt notice of any event of which it is aware for which indemnification may be required" by the Franchise Agreement.

25.    Separately, Section 5.15 of the Franchise Agreement required Quantum to notify LCE in writing within five days of "the commencement of any action, suit, notice of violation, or proceeding" that "may adversely affect the operation or financial condition of the Restaurant."

26.    On May 6, 2025, Quantum (including the individual guarantors Timothy Kelleher, Douglas Meltzer, and Roth Schoepf) executed a Franchise Termination and Surrender Agreement and Release (the "Release") terminating its interest in the Restaurant.  The Release is in the possession of Quantum.

27.    Quantum reaffirmed in the Release that "all of [its] obligations" under the Franchise Agreement, "including, but not limited to … indemnification," survived the termination of the franchise relationship.

*The Injury Lawsuit*

28.    Quantum independently owned and operated the Restaurant, pursuant to the Franchise Agreement, as one of several tenants in the Strip Center.

29.    LCE has never leased or occupied any part of the Strip Center, did not own or operate the Restaurant, and had no role or responsibility whatsoever for maintaining, securing, or patrolling the parking lot.

30.    On December 11, 2023, Jeremiah Griffin was shot and killed in the Strip Center's parking lot.

31.    Quantum was an authorized Little Caesars franchisee at the time of the Incident.

32.    Quantum did not notify LCE about the Incident as required by Section 18.5 of the Franchise Agreement.

33.    On or about March 21, 2024, the decedent's parent and administrator of his estate, Maggie Jean Griffin ("Griffin"), sued multiple defendants, including Quantum's neighboring tenants and LCE, in the State Court of Richmond County, Georgia, Civil Action No. 2024RCSC00313, alleging negligence in connection with failing to maintain, secure, and patrol the premises.

34.    The allegations in the Injury Lawsuit arise "directly or indirectly from, as a result of, or in connection with" Quantum's maintenance or operation of the Restaurant.

8

35.     Upon information and belief, Quantum was aware that Griffin had filed the lawsuit against LCE before LCE's responsive pleading was due on June 13, 2024.

36.     Upon information and belief, Quantum's counsel and Griffin's counsel discussed the Injury Lawsuit on or about May 22, 2024.

37.     Quantum did not notify LCE about the Lawsuit as required by Sections 5.15 and 18.5 of the Franchise Agreement.

38.     On or about January 16, 2025, Griffin filed an Amended Complaint adding Quantum as a defendant.

39.     At mediation in August 2025, Quantum settled with Griffin for approximately $125,000 without notifying LCE, and without seeking a global resolution or otherwise making any effort to protect LCE's interests, leaving LCE as the sole remaining defendant.

40.     As a result of the Injury Lawsuit, LCE incurred and continues to incur attorneys' fees, litigation expenses, and other defense costs.

*Quantum's Refusal to Defend and Indemnify LCE*

41.     Pursuant to Section 18.5 of the Franchise Agreement, LCE tendered the defense and indemnification of the Injury Lawsuit to Quantum by correspondence dated June 4, 2025.

42.     Quantum refused to assume LCE's defense and refused to indemnify LCE.

43.     As the Injury Lawsuit continued and LCE continued to incur defense costs, LCE renewed its demand for defense and indemnification by correspondence dated April 4, 2026.

44.     Quantum again refused to defend and indemnify LCE for defense costs and other covered losses incurred in connection with the Injury Lawsuit.

*Procedural Status of the Injury Lawsuit*

45.     In the Injury Lawsuit, a default judgment as to liability was entered against LCE on the ground that LCE did not timely respond to the complaint.  The issue of damages was left to be determined at trial.

46.     LCE has contested the default judgment, including by filing a motion to set aside the default judgment.  That motion to set aside is currently pending.

47.     A trial on damages has not yet occurred and has not been scheduled by the court.

48.     Quantum has relied on the default in refusing to defend and indemnify LCE.

49.     LCE disputes Quantum's position.  Quantum's obligations to defend and indemnify are not discharged by the procedural posture of the Injury Lawsuit or the conduct of litigation.

10

50.     Quantum's contractual obligations arose well before the default was entered, and nothing in the Franchise Agreement provides that a later procedural default or subsequent litigation conduct extinguishes Quantum's previously existing contractual defense and indemnity obligations.  Quantum is contractually obligated to defend and indemnify LCE regardless of the default.

*Actual Controversy*

51.     A present and actual controversy exists regarding Quantum's continuing contractual obligations under Section 18.5 of the Franchise Agreement.

52.     Quantum contends that it has no obligation to defend or indemnify LCE in connection with the pending Injury Lawsuit.

53.     LCE contends that Quantum is obligated to defend and indemnify LCE in connection with the Injury Lawsuit pursuant to Section 18.5 of the Franchise Agreement.

54.     LCE continues to incur defense costs, and LCE faces potential future liability that cannot be fully resolved through an award of damages for past breaches alone.

55.     Accordingly, an actual and present controversy exists concerning the parties' respective contractual rights and obligations, and declaratory relief is necessary to resolve this controversy.

## COUNT I – DECLARATORY JUDGMENT
### *(Against All Defendants)*

56.    LCE realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

57.    Section 18.5 of the Franchise Agreement placed on Quantum broad obligations to indemnify, defend, and hold harmless LCE "to the fullest extent permitted by law" from "any and all losses and expenses" incurred in connection with "any litigation" arising "directly or indirectly from, as a result of, or in connection with" Quantum's "construction, maintenance, or operation of the Restaurant."

58.    The Injury Lawsuit alleges negligence arising from the ownership, operation, maintenance, management, supervision, security, and control of the premises associated with and adjacent to Quantum's Restaurant.

59.    The allegations asserted in the Injury Lawsuit therefore arise from, result from, relate to, or are connected with Quantum's operation and maintenance of the Restaurant within the meaning of Section 18.5.

60.    LCE tendered the defense and indemnification of the Injury Lawsuit to Quantum.

61.    Quantum refused to defend LCE and refused to indemnify LCE.

62.    LCE has incurred attorneys' fees, litigation expenses, and other defense costs as a result of Quantum's refusal.

63.     Pursuant to 28 U.S.C. §§ 2201–2202, a judicial declaration is necessary and appropriate to determine the parties' rights and obligations under Section 18.5 of the Franchise Agreement and under the Guaranty, including whether Quantum and the Guarantors are obligated to defend and indemnify LCE notwithstanding the procedural posture of the Injury Lawsuit or the conduct of litigation.

## COUNT II – BREACH OF CONTRACT
### (DEFENSE AND INDEMNITY)
#### *(Against Defendant Quantum Restaurants, LLC)*

64.     LCE realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

65.     The Franchise Agreement is a valid and enforceable contract.

66.     Quantum was obligated under Section 18.5 to "indemnify, defend, and hold harmless" LCE, "to the fullest extent permitted by law," against "any and all losses and expenses … incurred in connection with" the Injury Lawsuit "or any settlement thereof…"

67.     Quantum materially breached the Franchise Agreement by wrongfully refusing to defend and indemnify LCE in connection with the Injury Lawsuit.

68.     Quantum further breached the Franchise Agreement by settling its own exposure with the plaintiff without taking any reasonable steps to protect LCE's interests in the Injury Lawsuit.

13

69.   As a direct and proximate result of Quantum's breach, LCE has incurred attorneys' fees, defense costs, litigation expenses, and other damages.

70.   LCE continues to incur damages.

## COUNT III – BREACH OF CONTRACT
### (NOTICE OBLIGATIONS)
### *(Against Defendant Quantum Restaurants, LLC)*

71.   LCE realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

72.   Quantum was required under Section 5.15 of the Franchise Agreement to notify LCE in writing within five days of "the commencement of any action, suit, notice of violation, or proceeding" that "may adversely affect the operation or financial condition of the Restaurant."

73.   Quantum was also required under Section 18.5 to give LCE "prompt notice of any event of which it is aware for which indemnification may be required" by the Franchise Agreement.

74.   Quantum's notification obligations existed independently of whether LCE received notice from other sources.  LCE's receipt of notice from other sources does not extinguish Quantum's notification obligations under the Franchise Agreement.

75.   Quantum failed to notify LCE about the Incident or the Injury Lawsuit.

14

76.     Quantum further settled claims asserted against it in the Injury Lawsuit without notifying LCE of the settlement and without taking reasonable steps to protect LCE's interests, thereby leaving LCE exposed to continued liability and defense costs.

77.     Quantum's failures to provide notice and to protect LCE's interests materially prejudiced LCE's ability to investigate, evaluate, defend, and resolve the claims asserted in the Injury Lawsuit.

78.     Quantum's conduct constituted a material breach of the Franchise Agreement.

79.     As a direct and proximate result of Quantum's breach, LCE has incurred additional attorneys' fees, defense costs, litigation expenses, and potentially other damages.

## COUNT IV – BREACH OF GUARANTY
### *(Against Defendants Timothy Kelleher, Natalie Kelleher, Douglas Meltzer, Melanie Meltzer, and Roth Schoepf)*

80.     LCE realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

81.     On or about December 16, 2018, each Guarantor executed the Guaranty.

82. Under the Guaranty, the Guarantors "jointly and severally, unconditionally guarantee[d]" to LCE the full and timely performance of all obligations of Quantum, as the franchisee under the Franchise Agreement.

83. The Guaranty further requires the Guarantors to indemnify, defend, and hold LCE harmless "from all losses, damages, costs, and expenses, including, but not limited to, attorneys' fees and costs," which LCE "may sustain, incur, or become liable for by reason of" Quantum's failure to perform its obligations under the Franchise Agreement or "any action by [LCE] to obtain performance by Franchisee of any of the Franchisee Obligations."

84. The indemnification obligations under the Guaranty are "subject to the same terms and conditions as described in Section 18.5 of the Franchise Agreement."

85. LCE is entitled to enforce the Guaranty directly against the Guarantors without first exhausting remedies against Quantum.

86. Quantum materially breached the Franchise Agreement by, among other things:

   a.   failing to provide the contractually required notice to LCE;

   b.   failing to tender the defense of claims as required by the Franchise Agreement; and

   c.   failing to indemnify LCE for losses arising from Franchisee's operation of the franchised restaurant.

16

87.     As a direct consequence of Quantum's breaches, LCE incurred substantial attorneys' fees, defense costs, and potentially other damages, recoverable under the Franchise Agreement and Guaranty.

88.     Pursuant to Paragraphs 1, 2, 5, and 6 of the Guaranty, the Guarantors are jointly and severally liable for all such obligations and damages, and LCE is entitled to enforce the Guaranty directly against the Guarantors without first exhausting remedies against Quantum.

89.     Despite demand, the Guarantors have failed and refused to perform their obligations under the Guaranty.

**PRAYER FOR RELIEF**

WHEREFORE, Little Caesar Enterprises, Inc. respectfully demands that the Court enter judgment against Quantum Restaurants, LLC and the individual Guarantors and grant the following relief:

A.     Pursuant to 28 U.S.C. §§ 2201–2202, declare that Quantum, and the Guarantors pursuant to the Guaranty, must indemnify, defend, and hold harmless LCE in connection with the Injury Lawsuit under the Franchise Agreement;

B.     Award LCE reimbursement of all damages recoverable under the Franchise Agreement, including past and future attorneys' fees, defense costs, expert fees, litigation expenses, settlements, judgments, and all other covered losses;

C.     Award LCE all damages caused by Quantum's breach of the Franchise Agreement;

D.     Award LCE pre- and post-judgment interest, its costs, and its attorneys' fees to the extent recoverable; and

17

E.     Grant LCE any other relief the Court deems just and appropriate.


Dated: July 15, 2026                    Respectfully submitted,


                                        By: */s/ J. Michael Huget*
                                        J. Michael Huget (P39150)
                                        Laura E. Biery (P82887)
                                        HONIGMAN LLP
                                        2290 First National Building
                                        660 Woodward Avenue
                                        Detroit, MI 48226
                                        (313) 465-7000
                                        mhuget@honigman.com
                                        lbiery@honigman.com

                                        *Attorneys for Plaintiff*


18